## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| Angela Steinhardt,<br><br>        *Plaintiff,*<br><br>    v.<br><br>albertAI.click, Lena Doe, and John Does 1 – 20,<br><br>        *Defendants.* | Case No. 1:25-cv-00303<br><br><br>**Complaint** |

Plaintiff Angela Steinhardt hereby sues albertAI.click, Lena Doe, and John Does 1 – 20 (collectively, the "Defendants"). In support, she alleges as follows.

### I.    Preliminary Statement

1.    Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering scams"—and are continuing to do so even as we speak.

2.    Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and building trust with the victim, using diabolical psychological techniques to lower their target's defenses. They then convince the victim to "invest" using

a realistic-looking online cryptocurrency-trading platform or to take on a fake online "job" to earn money. The victim deposits money or begins working and, over time, profits appear to grow. But when the victim tries to withdraw, problems emerge. The scammers demand more money in 'taxes' or 'fees' to 'unlock' the victim's account. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

3.     Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. The FBI reports that Americans lost more than $5.8 billion to pig-butchering scams in 2024 alone.

4.     This is an action by a victim of one such pig-butchering scam, Angela Steinhardt. The Defendants tricked Dr. Steinhardt into taking a job on a platform that turned out to be a scam, and in so doing stole $372,000 of her savings. Dr. Steinhardt has now been "slaughtered," in the scammers' parlance, and her money spirited away to foreign bank accounts and crypto wallets.

5.     This action and coordination with law enforcement are Dr. Steinhardt's only hopes for recovery. In this suit, she seeks the return of the assets stolen from her and additional damages and equitable relief described below.

- 2 -

## II.    Parties

6.     Plaintiff Angela Steinhardt is an individual. Dr. Steinhardt is a resident of Norfolk, Massachusetts.

7.     albertAI.click is a fraudulent website spoofing a legitimate marketing entity known as Albert AI. Its headquarters and situs of organization (if any), are presently unknown.

8.     Lena Doe is an individual of unknown citizenship whose present whereabouts are unknown.

9.     Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are albertAI.click and Lena Doe's co-conspirators.

## III.    Jurisdiction & Venue

10.     This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Accordingly, this Court has federal-question jurisdiction.

11.     Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

- 3 -

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

### IV.    Allegations

13.    On or about January 14, 2025, Dr. Steinhardt applied for an advertised part-time position as a medical director with a plasma company. Shortly thereafter, an individual named Lena contaced Dr. Steinhardt via WhatsApp and provided details about a different position involving purchasing merchant products and writing reviews to boost their e-commerce scores. Lena convinced Dr. Steinhardt to proceed by promising a salary of up to $8,000 per month.

14.    At Lena's direction, Dr. Steinhardt created an account on the albertAI.click platform and was "trained" for her new position by Lena.  Dr. Steinhardt was then infomed that she had been given a "lucky order" which promised up to ten times her commission. Lena explained that Dr. Steinhardt needed to "top up" her reserve account in order to be eligible for this "lucky order." Dr. Steinhardt then deposited $35 of her own money after being told that it was temporary and she would be able to withdraw her deposit plus commission later on.

15.    Over the next several months, Dr. Steinhardt continued to work for the fraudlent entity posing as Albert AI. Dr. Steinhardt was allowed to make occassional withdrawals over time, which provided an illusion of legitimacy to the company.

16.     During this period, Dr. Steinhardt was informed that she won a "Lucky 7 Anniversary Celebration" bonus, which represented a commission of almost $800,000.  In late Feburary 2025, Dr. Steinhardt attempted to withdraw these earnings but was unable. Defendants representing themselves as the "Albert AI Finance Department" then informed Dr. Steinhardt that in order to access her funds she needed to pay (1) insurance fees in the amount of $71,000, (2) large transaction verification deposits in the amount of $200,000, and (3) exchange fees in the amount of $101,000.

17.     After paying these "fees", Dr. Steinhardt was still unable to access her funds.  Sensing she had been scammed, Dr. Steinhardt contacted the real Albert AI, who then confimed her suspicions by informing her that albertAI.click was not associated with Albert AI.

18.     In total, Dr. Steinhardt lost $372,000 to the scammers.

**V.     Causes of Action**

19.     Dr. Steinhardt brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

## Count One
## Racketeering in Violation of 18 U.S.C. § 1964(c)
## Against All Defendants

20.     albertAI.click, Lena Doe, and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Pig Butchering Enterprise."

21.     The Pig Butchering Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described above. They did so using their online platform and digital communications with Dr. Steinhardt. Dr. Steinhardt relied on the Defendants' fraudulent statements to her detriment.

22.     The Defendants shared the common purpose of defrauding and stealing from Dr. Steinhardt and other victims and thereby converting and exercising dominion over their assets.

23.     The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Pig Butchering Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

24.    All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Dr. Steinhardt and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

25.    The Pig Butchering Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. The Pig Butchering Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Dr. Steinhardt's. To the extent the Pig Butchering Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

26.    As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Dr. Steinhardt was injured in her business and property within the meaning of 18 U.S.C. § 1964(c).    The Defendants stole Dr. Steinhardt's savings and thereby caused her to suffer deprivations and extreme mental

and emotional distress. She is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## Count II
## Conversion
## Against All Defendants

27.    As more fully alleged above, the Defendants misappropriated Dr. Steinhardt's assets.

28.    The Defendants converted Dr. Steinhardt's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Dr. Steinhardt's exclusion and detriment.

29.    Dr. Steinhardt has suffered damages as a direct and proximate result of Defendants' conversion.

## Count III
## Fraud
## Against All Defendants

30.    To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

31.    As alleged above, the Defendants made numerous false representations to Dr. Steinhardt and Dr. Steinhardt acted in reliance on these misrepresentations in transferring her assets into their custody and

control.   The Defendants are professional theives who knew these representations were false at the time they were made.   They made these statements with the intent that Dr. Steinhardt would rely on them to her detriment, which she in fact did.   Dr. Steinhardt has been injured in the loss of her life savings, a direct result of the Defendants conduct.   For these reasons, the Defendants are liable for common-law fraud.

**VI.    Jury Demand**

32.    Plaintiff demands a trial by jury on all claims so triable.

**VII.    Relief Sought**

33.    Dr. Steinhardt requests that judgment be entered against each of the Defendants on each of the causes of action set out above. She seeks relief as follows:

     a.  Imposition of a constructive trust over her stolen assets and return of those assets to her possession;

     b.  Monetary damages;

     c.  Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

     d.  Punitive damages;

     e.  Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

     f.  Pre- and post-judgment interest;

     g.  Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful

acts, and otherwise enable the exercise of the Court's powers and effectuate its orders;

h. Other relief as the Court deems just and proper.

Dated: June 10, 2025                                Respectfully submitted,

                                                    THE HODA LAW FIRM, PLLC

                                                    [signature]

                                                    _____
                                                    Marshal J. Hoda, Esq.
                                                    Tx. Bar No. 2411009
                                                    Alexander J. Crous
                                                    Tx. Bar No. 24136488
                                                    12333 Sowden Road, Suite B
                                                    PMB 51811
                                                    Houston, TX 77080
                                                    o. (832) 848-0036
                                                    marshal@thehodalawfirm.com

                                                    *Attorneys for Plaintiff*